

FILED & JUDGMENT ENTERED
Steven T. Salata

Dec 12 2011

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
J. Craig Whitley
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | CASE NO. 11-32350 |
| TIMOTHY LEWIS SISK, ) | |
| ) | |
| ) | CHAPTER 7 |
| ) | |
| DEBTOR. ) | |

## ORDER ON MOTION TO AVOID LIEN

COMING ON, Timothy Lewis Sisk's (hereinafter "Sisk" or "Movant") Motion to Avoid Judgment Lien of Electrical Distributers, Inc. (hereinafter "EDI") pursuant to 11 USC §522(f) and present at the hearing was Bryan W. Stone, attorney for the Movant, and John W. Taylor, attorney for EDI; and after considering the pleadings and oral arguments, the Court makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. The Debtor filed his voluntary bankruptcy petition under Chapter 7 of Title 11 on 12 September 2011.

2. On the Petition date, the Debtor and his non-debtor spouse owned as tenants by the entirety a residence located at 3464 Araglin Drive, Gastonia, North Carolina 28056,

further described as Parcel Identification Number 200489 (hereinafter "Residence"), wherein the Debtor resided.

3. On the Petition date, the non-debtor spouse did not live at the Residence.

4. On the Petition date, the Residence was subject to two (2) liens: a first-position consensual mortgage lien to Citizens South Bank in the amount of or about $487,148.90 and a judicial lien in favor of EDI in the amount of or about $130,854.79 (hereinafter "Judicial Lien").

5. The Judicial Lien encumbered the Residence as it sprung from a judgment against both the Debtor and his non-debtor spouse and was properly recorded in the Gaston County Public Registry under docket number 10-T-119 before the filing of the Debtor's bankruptcy.

6. In his statements and schedules, the Debtor has claimed his homestead exemption pursuant to N.C.G.S. 1C-1601(a)(1) in the amount of $30,000.

7. On or about 30 September 2011, the Debtor filed his present Motion to Avoid Judgment Lien of EDI and properly noticed the Motion.

8. In support of his Motion, the Debtor offered up an appraisal conducted on or about 31 August 2011 indicating a value of $485,000; EDI consented to the offering of the appraisal as evidence of value for the Residence and stipulates to the value of the same in conjunction with the Court's findings, *infra*.

## CONCLUSIONS OF LAW

9. Under 11 U.S.C. §522(f), "the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is

(A) a judicial lien, other than a lien that secures a debt of a kind that is specified in section 523(a)(5)".

10. The atypical circumstances of a non-debtor spouse and the existence of EDI's Judicial Lien impairment against the tenants-by-entireties Residence at the Petition date complicate the analysis.

11. The Bankruptcy Code instructs that "all legal or equitable interests of the debtor in property as of the commencement of the case" are property of the Debtor's estate under the broad reach of 11 U.S.C. §541(a), which this Circuit has decided includes a debtor's interest in property held by tenancy by the entirety. See <u>In re Cordova</u>, 73 F. 3d 38 (4th Cir. 1996), See also <u>In re Williams</u>, 104 F.3d 688 (4th Cir. 1997).

12. As a result, the Debtor's interest in his Residence, held by tenants by entirety as of the Petition Date is property of the Estate under 11 U.S.C. §541(a) and therefore, subject to the provisions prescribed under 11 U.S.C. §522(f). See <u>In re Staples</u>, 00-10147C (Bankr. M.D.N.C. 2000)

13. Starting with the stipulated value of $485,000 and deducting the scheduled first mortgage balance of $487,148.90 yields negative equity, thus making the impairment to the Debtor's Homestead exemption apparent up to its entirety

14. In coming to its decision, *infra*, the Court finds that it is both empowered and constrained by the plain language of the Code. The allowances of Section 522(f) address the avoidance of liens as to an "interest of the debtor in property". In the present case, the spouse of the Debtor is not a bankruptcy debtor and thus the provisions of Section 522(f) cannot reach her "interest in property".

15. Accordingly, the judicial lien of EDI is avoidable in its entirety, but <u>only</u> as to the Debtor's interest in the Residence and <u>not</u> as to his wife's interest. See <u>In re Zapata</u>, 2008 WL 2676368 (Bkrtcy. C.D.Ill.)  To Wit, it is therefore

ORDERED, ADJUDGED AND DECREED that the Debtor's Motion to Avoid the Judicial Lien of Electrical Distributers, Inc., recorded under docket number 10-T-119 in the Gaston County Public Registry, is hereby granted and such judicial lien is avoided in its entirety and cancelled only as to the *Debtor's* interest in the real property located at 3464 Araglin Drive, Gastonia, North Carolina; this Order does not avoid any judicial lien as to the Debtor's non-filing spouse's interest in the same real property; and

IT IS SO ORDERED.

*United States Bankruptcy Court*

*This Order has been signed
electronically and the Judge's
signature and Court's seal appear
at the top of the page.*

4